IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM S. FULLER, III,
# 17299-424,

Petitioner,

vs.                                                              Case No. 14-cv-714-DRH

UNITED STATES OF AMERICA
and WARDEN WALTON,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner William Fuller, III, an inmate in the Federal Correctional Institution located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence (*United States v. Bew, et al.*, Case No. 04-cr-00253 (N.D. Ill. 2004)). Petitioner filed a form petition that is strikingly similar to several others filed by inmates at USP-Marion to challenge their convictions and sentences under the savings clause of 28 U.S.C. § 2255(e), based on a claim of "actual innocence." For the reasons set forth below, the petition shall be **DISMISSED**.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitoner is not entitled to relief in the district court, the

judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

### I. Background

Petitioner was charged in 2004 as being part of a drug trafficking conspiracy that operated near Chicago, Illinois, between January 2000 and March 2004. *See United States v. Bew, et al.*, Case No. 04-cr-00253 (N.D. Ill. 2004) ("criminal case").[1] The conspiracy's "self-professed ringleader" pleaded guilty to the charges and agreed to testify against petitioner at trial (Doc. 480, criminal case). *See also United States v. Fuller, et al.*, 532 F.3d 656, 660 (7th Cir. 2008). On December 8, 2005, a jury found petitioner guilty of one conspiracy count (Count 1) and three telephone facilitation counts (Counts 3, 6, and 16) (Docs. 257 and 259, criminal case). Petitioner was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and of using a telephone to commit the felony, in violation of 21 U.S.C. § 843(b) (Docs. 259, 299, and 480, criminal case).

Prior to sentencing, petitioner filed a motion seeking a new trial (Doc. 279, criminal case). He argued that the Government failed to prove his guilt beyond a reasonable doubt because the evidence showed that the "ringleader" was his

---

[1] In order to determine petitioner's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

competitor and not a co-conspirator. On April 4, 2006, the district court denied the motion (Doc. 299, criminal case). Based on the drug amounts involved,[2] petitioner was sentenced to a guideline range of 262 months on Count 1 and a concurrent term of 48 months on Counts 3, 6, and 16.

On September 14, 2006, petitioner filed a direct appeal to challenge the sufficiency of the evidence underlying his conviction, as well as the drug amounts giving rise to his sentence (Doc. 373, criminal case). *See also United States v. Fuller, et al.*, 532 F.3d at 660, 662 (7th Cir. 2008). Petitioner, once again, argued that the evidence at trial showed nothing more than a buyer-seller relationship and not a conspiracy. *Id.* at 662. Petitioner also "baldly assert[ed]" that the district court's determination[3] that he was responsible for more than 500 grams of cocaine resulted from the court's "nebulous eyeballing" and "unreliable guesswork." *Id.* The Seventh Circuit affirmed petitioner's conviction and sentence on July 11, 2008, after concluding that both arguments lacked merit (Doc. 480, criminal case). *Id.* The instant petition followed.[4]

## II. Habeas Petition

Nearly six years after his conviction and sentence were affirmed on direct

---

[2] According to the jury's special verdict, the amount involved was in excess of 500 grams of cocaine (Doc. 299).

[3] The jury found the amounts involved on a special verdict form, which bound the district court to a statutory minimum sentence of 5 years *See United States v. Fuller, et al.*, 532 F.3d at 664 (citing 21 U.S.C. § 841(b)(1)(B)(ii)).

[4] Petitioner did not pursue a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, within three days of filing the petition at issue in this action, he filed an application with the Seventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), seeking authorization to file a second or successive collateral attack on his conviction and sentence under 28 U.S.C. § 2255. *See Fuller, III v. United States*, Case No. 14-2360 (7th Cir. filed June 23, 2014). The Seventh Circuit dismissed the petition on June 27, 2014.

appeal, petitioner is before this Court pursuant to 28 U.S.C. § 2241, arguing that he was provided with ineffective assistance of counsel at trial. Along with the petition, he filed a 38-page memorandum raising four arguments. First, petitioner claims that he was provided with ineffective assistance of counsel, in violation of *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. 1-1, pp. 7-16). Second, petitioner claims that counsel recommended going to trial and failed to negotiate or present him with a reasonable plea option, in violation of *Missouri v. Frye*, 566 U.S. __, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012) (Doc. 1-1, pp. 7, 17-21). Third, petitioner claims that his sentence was not based on the elements of the crime or supported by evidence, in violation of *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013) (Doc. 1-1, pp. 7, 23-29). Finally, petitioner claims that defense counsel failed to challenge the evidence and witnesses at trial, in violation of *Bullcoming v. New Mexico*, 564 U.S. __, 131 S.Ct. 2705 (2011) (Doc. 1-1, pp. 7, 30-35).

Petitioner does not explain why he failed to raise the issue of ineffective assistance of counsel on direct appeal or in a § 2255 motion. Instead, he brings this challenge under the "savings clause" of § 2255(e), which authorizes § 2241 motions where § 2255 is "inadequate or ineffective" to test the legality of petitioner's detention. He specifically claims that he is "actually innocent" under the above-listed Supreme Court cases (Doc. 1, p. 2).

### III. Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner never filed a § 2255 motion prior to filing the operative petition, although he sought authorization to bring a second or successive § 2255 motion subsequent to filing this habeas action. *See Fuller, III v. United States*, Case No. 14-2360 (7th Cir. dismissed June 27, 2014).

Under very limited circumstances, a prisoner may challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e), where a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that a 'legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"[5] *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Petitioner now contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that he may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d at 609-10 (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *In re Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a

---

[5] Relevant to petitioner's situation, § 2255(f) sets a one-year limitations period on filing a § 2255 motion. However, the one-year period runs from the later of, among other things, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Under the circumstances, the precedents cited by petitioner must be reviewed.

All four of petitioner's arguments are premised on the ineffective assistance of his counsel. The first argument is devoted entirely to this claim. In support of it, petitioner cites *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), as the primary source of authority. This Supreme Court decision pre-dates petitioner's conviction and sentence by more than two decades. Further, *Strickland* is a constitutional case, not a statutory interpretation case. It does not trigger application of the savings clause.

Petitioner's second argument regarding his counsel's failure to present him with reasonable plea options instead of pushing for trial is equally deficient. Petitioner primarily relies on *Missouri v. Frye*, 566 U.S. __, 132 S.Ct. 1399 (2012), in support of this argument. *Frye* involved the failure to communicate a plea offer for a lower sentence than the defendant actually received when he later pleaded guilty. *Frye* is a constitutional case, not a statutory interpretation case. It also did not announce a new rule of law. *See Frye*, 132 S. Ct. at 1409 ("This application of *Strickland* to the instances of an uncommunicated, lapsed plea

does nothing to alter the standard laid out in *Hill*."). *See also Hare v. U.S.*, 688 F.3d 878 ("Neither *Frye* nor its companion case, *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), directly addressed the old/new rule question, but the Court's language repeatedly and clearly spoke of applying an established rule to the present facts."). Neither *Frye* nor its companion case, *Lafler*, allow petitioner to use the savings clause.

Although petitioner's third argument is less than clear in the context of this case, *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013), are statutory interpretation cases. However, neither has been deemed retroactive by the Supreme Court. *See Simpson v. United States*, 721 F.3d 875, 876-77 (7th Cir. 2013) (in re *Alleyne*); *Groves v. United States*, __ F.3d __, 2014 WL 2766171, *4 (7th Cir. June 19, 2014) (in re *Descamps*).

As for petitioner's final argument, *Bullcoming v. New Mexico*, __ U.S. __, 131 S.Ct. 2705 (2011), pertains to the Confrontation Clause of the Sixth Amendment and has not been declared retroactive.

Petitioner does not qualify to use the savings clause of § 2255(e) to bring the instant § 2241 petition. Further, he has not made any other argument that § 2255 is unavailable or inadequate. Accordingly, the petition shall be dismissed.

The Court notes that the United States of America was not properly named as a party in this action. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the

inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

## IV.  Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, the habeas petition is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[6] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

---

[6] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   July 16, 2014**

Digitally signed by
David R. Herndon
Date: 2014.07.16
16:15:51 -05'00'

**Chief Judge
United States District Court**